# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE VEHICLE AND : <br> PROPERTY INSURANCE COMPANY : <br> 3100 Sanders Road, Suite 201 : <br> Northbrook, IL 60062 : <br> : <br> vs. : <br> : <br> THOMAS QUAGLIARELLO : <br> 1105 Beverly Lane : <br> Newtown Square, PA 19073 : <br> : <br> and, : <br> : <br> DAREN VOCI : <br> 345 David Drive : <br> Havertown, PA 19083 : <br> : <br> and, : <br> : <br> PARC RESTAURANT PARTNERS, L.P. : <br> 134 Market Street : <br> Philadelphia, PA 19106 : <br> : <br> and, : <br> : <br> PARC RESTAURANT PARTNERS GP, LLC : <br> 134 Market Street : <br> Philadelphia, PA 19106 : <br> : <br> and, : <br> : <br> STARR RESTAURANT GROUP PARTNERS : <br> GP, LLC : <br> 134 Market Street : <br> Philadelphia, PA 19106 : <br> : <br> and, : <br> : <br> STARR RESTAURANT GROUP PARTNERS, : <br> L.P. : <br> 134 Market Street : <br> Philadelphia, PA 19106 : | CIVIL ACTION LAW <br><br> NO. |

|  |  |
|---|---|
| and, | : |
|  | : |
| JOHNNY ANDOW | : |
| 1904 Walnut Street | : |
| #1604 | : |
| Philadelphia, PA 19103 | : |

# DECLARATORY JUDGMENT COMPLAINT

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. §2201 seeking a declaration of the rights and liabilities of the parties under a homeowners insurance policy issued by Plaintiff Allstate Vehicle and Property Insurance Company (hereinafter "Allstate") to Thomas Quagliarello relative to a civil action lawsuit.

2. The subject civil action lawsuit is captioned <u>Johnny Andow v. Parc Restaurant Partners, L.P., et al.</u>, which was filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, docket no. 240601088 (hereinafter referred to as "Underlying Litigation").

## PARTIES

3. Allstate is an insurance company incorporated in the State of Illinois, with a principal place of business at 3100 Sanders Road, Suite 201, Northbrook, IL 60062 and duly licensed to conduct business in the Commonwealth of Pennsylvania.

4. Defendant, Thomas Quagliarello, is an adult individual who at all times relevant hereto, maintained a residence at 1105 Beverly Lane, Newtown Square, PA 19073 and is, therefore domiciled in the Commonwealth of Pennsylvania.

5. Defendant, Daren Voci, is an adult individual who at all times relevant hereto, maintained a residence at 345 David Drive, Havertown, PA 19083 and is, therefore domiciled in the Commonwealth of Pennsylvania.

6. Defendant, Parc Restaurant Partners, L.P., is a limited partnership or other business entity organized and existing under the laws of the commonwealth of Pennsylvania with a registered address of 134 Market Street, Philadelphia, PA 19106.

7. Defendant, Parc Restaurant Partners GP, LLC, is a limited liability company or other business entity organized and existing under the laws of the commonwealth of Pennsylvania with a registered address of 134 Market Street, Philadelphia, PA 19106.

8. Defendant, Starr Restaurant Group Partners GP, LLC, is a limited liability company or other business entity organized and existing under the laws of the commonwealth of Pennsylvania with a registered address of 134 Market Street, Philadelphia, PA 19106.

9. Defendant, Starr Restaurant Group Partners, L.P. is a limited partnership or other business entity organized and existing under the laws of the commonwealth of Pennsylvania with a registered address of 134 Market Street, Philadelphia, PA 19106.

10. Defendant, Johnny Andow is an adult individual who at all times relevant hereto, maintained a residence at 1904 Walnut Street, #1604, Philadelphia, PA 19103 and is, therefore domiciled in the Commonwealth of Pennsylvania.

## JURISDICTION

11. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 (Diversity Citizenship) because the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000.00.

## HISTORY OF CONTROVERSY

12. This Declaratory Judgment action arises from an altercation that allegedly occurred on January 20, 2024, at Parc Restaurant, located at 229 South 18th Street, Philadelphia, Pennsylvania 19103.

13. On that date, Defendant Johnny Andow alleges, in the Underlying Litigation, that he was a patron lawfully present at Parc Restaurant when he was violently assaulted by Defendant Thomas S. Quagliarello, who was also present at the establishment as a patron.

14. Defendant Andow commenced a civil action captioned Johnny Andow v. Parc Restaurant Partners, L.P., et al., in the Court of Common Pleas of Philadelphia County, docketed at June Term 2024, No. 01088.

15. The complaint initially named Defendants Parc Restaurant Partners, L.P., Parc Restaurant Partners GP, LLC, Starr Restaurant Group Partners GP, LLC, and Starr Restaurant Group Partners, L.P. (Parc Defendants) and Defendant Daren Voci as defendants and asserted claims sounding in negligence and statutory dram shop liability.

16. Thereafter, Defendant Andow eventually filed a Second Amended Complaint, adding Defendant Quagliarello as a party defendant and asserting claims directly against him. A true and correct copy of the Second Amended Complaint is attached as Exhibit "A" and incorporated by reference.

17. The Second Amended Complaint alleges that Defendant Quagliarello, while visibly intoxicated and without provocation, intentionally struck Defendant Andow repeatedly in the head and face, causing serious bodily injury. See Exhibit "A" at paragraph 32.

18. The claims asserted against Defendant Quagliarello in the Second Amended Complaint include Assault and Battery and Negligence, and the pleading seeks compensatory damages, punitive damages, and delay damages. See Exhibit "A."

19. Defendant Quagliarello was served with the Second Amended Complaint by the Sheriff of Delaware County on September 23, 2025, with proof of service docketed shortly thereafter.

20. At all relevant times, Allstate issued House & Home Policy No. 801380548 (Form AVP58) to Defendant Quagliarello, with a policy period of May 23, 2023 through May 23, 2024 ("the Policy"). A true and correct copy of the Policy relevant to the instant dispute is attached as Exhibit "B" and incorporated by reference.

21. Allstate's first notice of the claim and lawsuit was when Defendant Quagliarello sent it a copy of the Second Amended Complaint.

22. Upon receiving this notice, Allstate undertook an investigation and agreed to provide a defense to Defendant Quagliarello subject to a Reservation of Rights, which was issued and communicated to him. A true and correct copy of the initial Reservation of Rights dated November 7, 2025 is attached hereto and incorporated herein as Exhibit "C."

23. An attorney was retained by Allstate to defend Defendant Quagliarello, pursuant to the aforementioned Reservation of Rights, in the litigation that was commenced by Defendant Andow, and an entry of appearance was filed on Defendant Quagliarello's behalf.

24. Allstate's investigation into the claims asserted against Defendant Quagliarello continued even after a defense was entered. As part of its investigation, Allstate obtained and reviewed surveillance video from Parc Restaurant depicting the incident at issue.

25. It is believed, and therefore averred, that the surveillance video was exchanged during discovery in the Underlying Litigation, and that the parties to that litigation (who are also parties to this action) are, or if not will soon be, in possession of the surveillance video.

26. Allstate can share the video with this Honorable Court.

27. The surveillance video materially clarifies the nature of the incident.

28. In the subject surveillance video:

a. Defendant Andow –the plaintiff in the Underlying Litigation – is, upon information and belief, shown seated on a stool at a bar, alone, in Parc Restaurant.

b. Defendant Quagliarello (wearing black and a ball cap) is, upon information and belief, one of two (2) males who, along with one (1) female, are seated at a table to Defendant Andow's right.

c. It appears as if words are exchanged between Defendant Andow, and one or more of the males seated at the table.

d. Defendant Quagliarello then gets up from the table, and moves in the direction of Defendant Andow; the single female at the table, however, grabs Defendant Quagliarello's left arm and pulls him back toward the table.

e. Defendant Quagliarello continues to move in the direction of Defendant Andow as the female, in a tug-of-war with his left arm, pulls Defendant Quagliarello back toward the table.

f. Defendant Andow never moves off of the stool positioned at the bar.

g. The other male seated at the table with Defendant Quagliarello then gets up from the table, and menacingly approaches Defendant Andow.

h. The other male gets into Defendant Andow's face, and presses his forehead against Defendant Andow's forehead.

i. At the same time, Defendant Quagliarello also menacingly approaches Defendant Andow, with such aggression that the female at the table, who was still holding Defendant Quagliarello's left arm/hand and trying to restrain his movement, is pulled off of her chair so violently that she crashes into, and knocks over, Defendant Quagliarello's now-vacant chair at the table, and ends up on the floor.

  j. After Defendant Andow pushes the other male, who is now to Defendant Andow's right while Defendant Quagliarello is to his front, away, Defendant Quagliarello uses both of his arms to shove Defendant Andow.

  k. Defendant Andow loses his balance on the stool as a result of Defendant Quagliarello's shove, and begins to stumble backwards.

  l. As Defendant Andow is losing his balance, and is completely defenseless, it appears as if Defendant Quagliarello punches Defendant Andow in the upper body area.

  m. Defendant Andow responds by putting his right arm/hand up in Defendant Quagliarello's direction, then turns his body to the left so that he is facing away from Defendant Quagliarello, and the other male.

  n. The other male, however, grabs Defendant Andow, pulls him away from his position, and spins him around so that Defendant Andow is now exposed, facing both Defendant Quagliarello, and the other male.

  o. Defendant Quagliarello charges at Defendant Andow through the clutches of an individual – possibly an employee of Parc Restaurant – attempting to keep him away from Defendant Andow.

  p. Defendant Andow again puts his hands up in front of him.

  q. Defendant Quagliarello then proceeds to take a right hand uppercut punch toward Defendant Andow's head and face with such force, that the follow-through from the uppercut causes his own body to fall to the ground.

  r. Defendant Andow's head snaps back after Defendant Quagliarello's uppercut, he stumbles backwards, and falls into another table in the restaurant.

  s. Approximately one (1) second later, and as he is still falling backward, Defendant Andow is punched a second time in the face, this time by the other male.

  t. The other male grabs Defendant Andow, and begins to spin a now-completely disoriented Defendant Andow around, as Defendant Andow puts both of his hands up in front of him, yet again, in self-defense.

  u. Defendant Quagliarello gets up off of the floor, and while Defendant Andow is still in the clutches of, and being swung around by, the other male, shoves Defendant Andow.

  v. Defendant Andow falls through a second, different table, and then falls to the ground.

  w. While on the ground, the other male continues to punch Defendant Andow.

  x. Defendant Quagliarello chases Defendant Andow, and the other male, and as he is standing over Defendant Andow, the female who was originally seated at the table with him, positions herself in front of Defendant Quagliarello, obstructing his path to Defendant Andow.

  y. The female pushes Defendant Quagliarello backwards, but he attempts, at least twice, to push the female away from him.

  z. Defendant Quagliarello eventually succeeds in pushing the female away from him, and he again attempts to engage with Defendant Andow – who at this point is lying motionless, facedown on the floor of the restaurant.

  aa. Three (3) people stop Defendant Quagliarello, however, before he can get back to Defendant Andow.

  bb. Still, Defendant Quagliarello attempts to again confront Defendant Andow, but the female intercedes once more. Defendant Quagliarello pushes the female away from him.

  cc. Defendant Quagliarello then leaves the restaurant, accompanied by the other male, and the female.

29. Defendant Quagliarello repeatedly strikes Defendant Andow, including after Defendant Andow appears subdued.

30. The conduct depicted in the video is deliberate, sustained, and intentional in nature and is not accidental, reflexive, or defensive.

31. Defendant Quagliarello's actions are also criminal.

32. Based on the video evidence, the bodily injury alleged in the pleadings by Defendant Andow was intended by, or at a minimum reasonably expected to result from, Defendant Quagliarello's intentional or criminal conduct.

33. In light of the surveillance footage and the allegations of the Second Amended Complaint, there is a no obligation by Allstate to indemnify Defendant Quagliarello under the Policy.

34. The incident occurred at Parc Restaurant, and not at Defendant Quagliarello's insured premises at 1105 Beverly Lane, Newtown Square, PA 19073.

35. Allstate files this Declaratory Judgment Action seeking a Court determination of the rights and liabilities of the above-named parties with regard to Allstate's Policy issued to Defendant Quagliarello, and the pleadings filed by Defendant Andow in the underlying litigation.

**COUNT I – INTENTIONAL ACTS/CRIMINAL ACTS EXCLUSION**

36. The averments in the previous paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if same were more fully set forth herein at length.

37. The Policy states:

> **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
>
> a) such **insured person** lacks the mental capacity to govern his or her conduct;
>
> b) such **bodily injury** or **property damage** is of a different kind or degree than that intended or reasonably expected; or
>
> c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime

See Exhibit "B" at BS 0041-0042.

38. The Policy excludes coverage for bodily injury intended by, or reasonably expected from, Defendant Quagliarello's intentional acts.

39. Defendant Andow was injured by Defendant Quagliarello's intentional and willful assault and battery.

40. The physical contact was harmful and offensive, and Defendant Quagliarello acted with the intent to cause bodily harm.

41. The bodily injury was intended by, or may reasonably be expected to result from, Defendant Quagliarello's intentional conduct.

3639708.1/61539

42. The Policy also excludes coverage for bodily injury that results from criminal acts, both intentional and unintentional.

43. If Defendant Quagliarello were intoxicated, there is still no coverage for Defendant Andow's claims because the Policy states that the exclusions apply even if Defendant Quagliarello lacked the mental capacity to govern his conduct.

44. The exclusions apply even if the bodily injury is of a different kind or degree than that intended or reasonably expected.

45. The exclusions apply regardless of whether Defendant Quagliarello was actually charged with, or convicted of, any crimes.

46. The Policy excludes coverage for such bodily injury.

47. Where there is no duty to defend, there is no duty to indemnify.

48. Allstate owes no duty to indemnify Defendant Quagliarello for any judgment or settlement arising from the Underlying Litigation.

49. Accordingly, the "intentional act exclusion" and the "criminal act exclusion" in the Policy precludes coverage for Defendant Andow's claims against Defendant Quagliarello.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Thomas Quagliarello under Allstate House & Home Policy, Policy No. 801380548, for the claims asserted by Johnny Andow, in the pleadings filed in the Court of Common Pleas, Philadelphia County, Pennsylvania, docket number 240601088, or for the cross-claims, if any, filed against him by any other party, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of Thomas Quagliarello in the aforementioned action upon Praecipe filed.

3639708.1/61539

## COUNT II - NO "OCCURRENCE"

50. The averments contained in the previous paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if same were more fully set forth herein at length.

51. The Policy contains the following provisions:

    **Section II—Family Liability and Guest Medical Protection**

    **Losses We Cover Under Coverage X:**
    Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

    **We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

Exhibit "B" at BS 00411.

52. The Policy defines an "occurrence" as

    "Occurrence" – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

Id. at BS 0022.

53. Defendant Andow's bodily injuries do not arise out of an "occurrence" as defined in the Policy.

54. Occurrences are accidents, and include a degree of fortuity.

55. Defendant Quagliarello's actions were not accidental thus do not qualify as an "occurrence" due to the lack of fortuity.

56. Further, Pennsylvania law holds that intentional acts are not accidents. See Gene's Restaurant v. Nationwide, 548 A.2d 246 (Pa. 1988).

57. The bodily injury that is the subject of the Underlying Litigation was intended by, or may reasonably be expected to result from, Defendant Quagliarello's intentional conduct.

58. Because there is no accidental conduct, no "occurrence" exists.

59. The claims set forth in the pleadings of the Underlying Litigation are not an "occurrence" as defined in the Policy and, therefore, there is no coverage under said Policy for Defendant Andow's claims against Defendant Quagliarello.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Thomas Quagliarello under Allstate House & Home Policy, Policy No. 801380548, for the claims asserted by Johnny Andow, in the pleadings filed in the Court of Common Pleas, Philadelphia County, Pennsylvania, docket number 240601088, or for the cross-claims, if any, filed against him by any other party, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of Thomas Quagliarello in the aforementioned action upon Praecipe filed.

## COUNT III – OTHER PREMISES/NO INSURED PREMISES

60. The averments contained in the previous paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if same were more fully set forth herein at length.

61. The Policy states:

> **We** do not cover **bodily injury** or **property damage** arising out of any premises, other than an **insured premises,** owned, rented or controlled by an **insured person. We** will not apply this exclusion to **bodily injury** to a **residence employee**.

Id. at BS 0043.

62. The bodily injury that is the subject of the Underlying Litigation is alleged to have occurred because of conditions at Parc Restaurant, located at 229 South 18th Street in Philadelphia, Pennsylvania.

63. At least some of the conditions at Parc Restaurant alleged to have resulted in Defendant Andow's bodily injuries were within the control of Defendant Quagliarello.

64. The Policy defines "insured premises" to include the residence premises listed on the Declarations and certain limited locations used in connection with the residence premises.

65. Parc Restaurant location is not an "insured premises" as that term is defined in the Policy.

66. The Policy expressly excludes coverage for bodily injury "arising out of any premises, other than an insured premises, owned, rented or controlled by an insured person."

67. Defendant Andow's alleged bodily injury arose from an incident occurring at a non-insured premises, and therefore coverage is barred under the Policy.

68. Accordingly, Allstate owes no duty to indemnify Defendant Quagliarello for any judgment or settlement arising from the Underlying Litigation.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Thomas Quagliarello under Allstate House & Home Policy, Policy No. 801380548, for the claims asserted by Johnny Andow, in the pleadings filed in the Court of Common Pleas, Philadelphia County, Pennsylvania, docket number 240601088, or for the cross-claims, if any, filed against him by any other party, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of Thomas Quagliarello in the aforementioned action upon Praecipe filed.

3639708.1/61539

## COUNT IV – BREACH OF CONDITIONS/LATE NOTICE

69. The averments contained in the previous paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if same were more fully set forth herein at length.

70. The Policy states:

**Section II Conditions**

1. **What You Must Do After A Loss**

In the event of **bodily injury** or **property damage**, you must do the following:
   a) Promptly notify **us** or **our** agent stating:
      1) **your** name and policy number;
      2) the date, the place and the circumstances of the loss;
      3) the name and address of anyone who might have a claim against an **insured person**;
      4) the names and addresses of any witnesses.
   b) Promptly send **us** any legal papers relating to the accident.
   c) At **our** request, an **insured person** will:
      1) cooperate with **us** and assist **us** in any matter concerning a claim or suit;

\*\*\*

Id. at BS 0046.

71. The Policy requires prompt notice of "bodily injury," and that legal papers be promptly forwarded to Allstate.

72. The alleged incident occurred on January 20, 2024.

73. Defendant Quagliarello knew, or should have known, about the potential for a claim against him immediately after the January 20, 2024 fight with Defendant Andow at Parc Restaurant, an upscale eating establishment.

74. Defendant Quagliarello was served with the Second Amended Complaint on September 23, 2025.

75. At the very least, Defendant Quagliarello knew about the claims against him when he was served with the Second Amended Complaint.

76. Allstate did not receive notice of the occurrence or lawsuit until approximately November 2025.

77. The delay impaired Allstate's ability to investigate the incident contemporaneously and evaluate coverage.

78. Accordingly, Defendant Quagliarello violated the Policy condition above by failing to promptly notify Allstate of the claims and of the Underlying Litigation, and failing to promptly provide copies of any legal papers filed in the Underlying Litigation to the prejudice of Allstate and, therefore, Defendant Quagliarello is not entitled to coverage under the Policy for the claims made in the Underlying Litigation.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Thomas Quagliarello under Allstate House & Home Policy, Policy No. 801380548, for the claims asserted by Johnny Andow, in the pleadings filed in the Court of Common Pleas, Philadelphia County, Pennsylvania, docket number 240601088, or for the cross-claims, if any, filed against him by any other party, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of Thomas Quagliarello in the aforementioned action upon Praecipe filed.

## **COUNT V – PUNITIVE DAMAGES**

79. The averments contained in the previous paragraphs of this Declaratory Judgment Complaint are incorporated by reference as if same were more fully set forth herein at length.

80. Defendant Andow seeks punitive damages against Defendant Quagliarello.

3639708.1/61539

81. Punitive damages are not "bodily injury" or "property damage".

82. The Policy does not provide coverage for punitive damages.

83. Allstate has no obligation to indemnify Defendant Quagliarello for any punitive damages award.

WHEREFORE, Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), respectfully requests that this Honorable Court issue an Order declaring that Allstate does not have a duty to defend or indemnify Thomas Quagliarello under Allstate House & Home Policy, Policy No. 801380548, for the claims asserted by Johnny Andow, in the pleadings filed in the Court of Common Pleas, Philadelphia County, Pennsylvania, docket number 240601088, or for the cross-claims, if any, filed against him by any other party, and authorizing Allstate's selected counsel to withdraw his/her appearance on behalf of Thomas Quagliarello in the aforementioned action upon Praecipe filed.

CURTIN & HEEFNER, LLP

Dated: January 15, 2026    By: _____
Michael K. Lorenz, Esquire
Attorney I.D. # 93611
Attorneys for Plaintiff
Allstate Vehicle and Property
Insurance Company